## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 14 2018, 7:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Timothy J. Burns<br>Indianapolis, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>J.T. Whitehead<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tenaya Lee,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | June 14, 2018<br><br>Court of Appeals Case No.<br>18A-CR-64<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Steven J. Rubick, Magistrate<br><br>Trial Court Cause No.<br>49G07-1608-CM-30037 |

**Baker, Judge.**

[1] Tenaya Lee appeals her conviction for Class A Misdemeanor Criminal Mischief,[1] arguing that the evidence was insufficient to support her conviction. Finding the evidence sufficient, we affirm.

[2] On July 8, 2016, Erin Cannon was working at a nail salon in Marion County. At some point, Lee entered the salon, and Cannon told her that she was not allowed inside. Cannon had known Lee for four or five years; Lee had been Cannon's client. Cannon followed Lee outside and called the police.

[3] Meanwhile, Jesse Dickerson was sitting in his vehicle, which was parked in front of Cannon's vehicle in the parking lot, waiting for his wife, who was in the salon. Dickerson saw Lee and two other women key Cannon's vehicle and puncture its tires for approximately four to five minutes. Dickerson observed Lee perform a "majority" of the acts of vandalism. Tr. Vol. II p. 27. While Cannon was on the phone with the police, Dickerson told her that her vehicle had been vandalized. Cannon then approached her vehicle and saw that it had key marks and that two of the tires were slashed. Within a few minutes of looking at her vehicle, Cannon received a video phone call from Lee in which Lee said, "Haha, you have to get a new paint job now." *Id.* at 10. Cannon's vehicle suffered damage totaling approximately $3200.

[4] On August 9, 2016, the State charged Lee with Class A misdemeanor criminal mischief. On November 2, 2017, a bench trial took place, and on November

---

[1] Ind. Code § 35-43-1-2(a)(1).

16, 2017, the trial court found Lee guilty as charged. During a December 14, 2017, sentencing hearing, the trial court sentenced Lee to 365 days, with 60 days executed, and 305 days suspended to probation. Lee now appeals.

[5] Lee's sole argument is that the evidence was insufficient to support her conviction. Specifically, she contends that the evidence did not show that she was the person who vandalized Cannon's vehicle. When considering a challenge to the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). We will affirm if the probative evidence and the reasonable inferences drawn therefrom could have allowed a reasonable jury to find the defendant guilty beyond a reasonable doubt. *Id.*

[6] To prove that Lee committed Class A misdemeanor criminal mischief, the State was required to prove beyond a reasonable doubt that Lee recklessly, knowingly, or intentionally damaged or defaced Cannon's property without Cannon's consent, and that the monetary loss was at least $750 but less than $50,000. I.C. § 35-43-1-2(a)(1). Lee does not dispute that Cannon's vehicle was vandalized or that the monetary loss was in the listed range. Rather, she argues that the State failed to prove that she was the one who vandalized the vehicle. Generally, the "[e]lements of offenses and identity may be established entirely by circumstantial evidence and logical inferences drawn therefrom." *Bustamante v. State*, 557 N.E.2d 1313, 1317 (Ind. 1990).

[7] Here, the evidence shows that Dickerson witnessed the vandalization and testified that Lee was responsible for most of the damage done to Cannon's vehicle. Dickerson testified that he saw Lee key the vehicle and puncture the tires. The evidence also shows that, shortly after the offense, Lee called Cannon through a video phone call and said, "Haha, you have to get a new paint job now." Tr. Vol. II p. 10. Cannon recognized Lee because she used to be a client, and Lee's video phone call corroborates Dickerson's testimony. Under these facts and circumstances, a reasonable factfinder could conclude that it was Lee who vandalized Cannon's vehicle. Lee's argument is unavailing.

[8] The judgment of the trial court is affirmed.

Kirsch, J., and Bradford, J., concur.